[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10596

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAKARIS WAVELON CLEMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80102-AMC-1

_____

Before BRANCH, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jakaris Clemons appeals the 50-month sentence imposed after Clemons pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Clemons's advisory guidelines range was calculated as 21 to 27 months' imprisonment. No reversible error has been shown; we affirm.

## I.

On appeal, Clemons first contends that his above-guidelines sentence represented an upward *departure* -- not an upward *variance* -- from the advisory guidelines range. Based on this characterization, Clemons argues that the district court procedurally erred by failing to provide advance notice and by failing to comply with the procedures set forth in the departure provision in U.S.S.G. § 4A1.3.

A "variance" refers to "a sentence imposed outside the guidelines range when the court determines that a guidelines sentence will not adequately further the purposes reflected in 18 U.S.C. § 3553(a)." *See United States v. Hall*, 965 F.3d 1281, 1295 (11th Cir. 2020). "A departure, by contrast, is 'a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines,' including the departure provisions." *Id.*

In determining whether an above-guidelines sentence is the result of a variance or a departure, we look to the district court's stated reasons, including whether the district court "cited a specific guidelines departure provision" or, instead, based its rationale "on the § 3553(a) factors and a determination that the guidelines range was inadequate." *Id.* (concluding that the district court applied an upward variance when the district court said it was varying upward, the district court's reasons were "grounded in the § 3553(a) sentencing factors," and the district court made no reference to a guideline departure provision).

Here, the district court's stated reasons for sentencing Clemons above the guidelines range demonstrate clearly that Clemons's sentence constitutes an upward variance. First, the district court said expressly that it was imposing an upward variance and not an upward departure. The district court's language and stated reasons further reflect the district court's intention to apply an upward variance. In imposing the chosen sentence, the district court explained -- based on its "holistic evaluation of the 3553(a) factors" -- that a within-guidelines sentence would be "clearly inadequate to reflect the statutory factors in 3553(a), specifically the need to deter you from committing more crimes, [and] the need to protect the public from your dangerous conduct." Never did the district court refer to a departure provision.

That the adequacy of Clemons's criminal history category might also be a factor pertinent to a departure provision does not -- by itself -- make Clemons's sentence a departure. *See id.* at 1297

("What matters is that the grounds the district court gave for varying above the guidelines range fit comfortably under the § 3553(a) provisions; it doesn't matter whether they might also have fit under a departure provision.").

Because we conclude that Clemon's above-guidelines sentence was the result of an upward variance, we reject Clemons's arguments that the district court procedurally erred by failing to comply with the established procedures for imposing an upward departure.

## II.

Clemons next challenges the substantive reasonableness of his above-guidelines sentence.

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in 18 U.S.C. § 3553(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes. 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the

defendant, the kinds of sentences available, the guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(1), (3)-(7).

When a sentence is above the guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "We may vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

At Clemons's sentencing hearing, the district court adopted in full the Presentence Investigation Report and heard arguments from both parties about the appropriate sentence. The district court also heard testimony from Clemons and from witnesses on Clemons's behalf asking the court to give Clemons another chance.

In announcing the chosen sentence, the district court first discussed Clemons's "very troubling" criminal record, which the district court said reflected a "pattern of violent behavior and possession of firearms." The district court noted that Clemons's

criminal history included five juvenile adjudications, including adjudications for obstructing an officer without violence, attempted robbery with a weapon, and two offenses each for battery and for aggravated assault.  The district court then described Clemons's adult criminal record: a record that included 11 adult convictions between 2009 and 2016.  Among other things, Clemons had two prior convictions for being a felon in a possession of a firearm.  The district court also noted that Clemons committed the instant offense while on supervised release from his most recent firearm conviction.

Seemingly in response to Clemons's request that he be given another chance, the district court remarked that Clemons had "received actually many chances to correct [his] behavior, but . . . [had] returned to committing criminal conduct."  The district court then determined that a within-guidelines sentence would be "clearly inadequate" to further the purposes of sentencing set forth in section 3553(a).

Given the totality of the circumstances -- including Clemons's extensive criminal history -- the district court determined reasonably that a sentence of 50 months was necessary to provide just punishment, to provide adequate deterrence, and to protect the public.  Although Clemons was sentenced substantially above his advisory guidelines range of 21 to 27 months, we have affirmed as reasonable upward variances of a similar degree, particularly in cases involving extensive and violent criminal records. *See, e.g., United States v. Riley*, 995 F.3d 1272, 1280-81 (11th Cir.

22-10596              Opinion of the Court                    7

2021) (affirming an upward variance to 70 months from a guidelines range of 12 to 18 months for being a felon in possession of a firearm based on the defendant's history of violent offenses and recidivism); *Rosales-Bruno*, 789 F.3d at 1256-57 (affirming as reasonable a 87-month sentence where the advisory guidelines range was 21 to 27 months); *Shaw*, 560 F.3d at 1239-41 (affirming as reasonable a 120-month sentence for being a felon in possession of a firearm -- an upward variance over 3 times the applicable guideline range of 30 to 37 months -- based chiefly on the defendant's criminal history and recidivism). That Clemons's sentence is well below the statutory maximum sentence of ten years' imprisonment is also indicative of reasonableness. *See Gonzalez*, 550 F.3d at 1324.

Contrary to Clemons's assertion, a district court may consider a defendant's criminal history in deciding to apply an upward variance even though the defendant's criminal history is somewhat accounted for in the advisory guidelines range. *See Riley*, 995 F.3d at 1279 ("[P]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history."). We also reject Clemons's unsupported contention that -- in varying upward under section 3553(a) -- the district court was still required to adhere to the procedure set forth in U.S.S.G. § 4A1.3 for imposing an upward departure.

On this record, Clemons has failed to show that his above-guidelines sentence was procedurally or substantively

unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors." *See Shaw*, 560 F.3d at 1238.

AFFIRMED.